IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES CARROLL and BARBARA
CARROLL                                                            PLAINTIFFS and
                                                                   COUNTER-DEFENDANTS

VS.                           Case No. 04-CV-4153

STATE FARM FIRE AND CASUALTY
COMPANY                                                            DEFENDANT and
                                                                   COUNTER-CLAIMANT

## ORDER

Before the Court is Plaintiffs' Motion to Compel Answers to Discovery. (Doc. 26) Defendant has responded. (Doc. 29) The Court finds the motion ripe for consideration.

Plaintiffs first request production of the adjuster's file that was made in the examination of Plaintiffs' claim for fire loss. Defendant objects that the file contains privileged information or information that is work product. Defendant has agreed to produce a copy of the adjuster's file up to the point outside counsel was retained. The Court believes Defendant's production of the adjuster's file in this manner is satisfactory. The Court orders Defendant to produce a copy of the adjuster's file up to the point outside counsel was retained.

Defendant is ordered to produce a copy of the home-owners policy at issue, specifically Policy No. 04-13-7632-4.

Plaintiffs request Defendant produce information to Plaintiffs about other claims that have been made by insureds of Defendant for fire losses in the state of Arkansas from October 1, 2002 to the present. The Court agrees with Defendant that such claims for fire losses are not relevant to Plaintiffs' claim of fire loss. The Court will deny Plaintiffs' motion to compel with respect to this request.

Plaintiffs next request Defendant produce information regarding claims adjusted by David Ponder from October 1, 1998, to the present. Defendant objects that the request is not reasonably calculated to lead to discoverable information and that it does not keep records of claims processed by individual adjusters. The Court agrees with Defendant that such a request is not reasonably calculated to lead to discoverable information. Also, if Defendant has no records responsive to the request, it cannot produce such records. The Court will deny Plaintiffs' motion to compel with respect to this request.

Plaintiffs request Defendant produce information explaining how its claims adjusters are compensated, including an explanation of its bonus structure for claims adjusters, and whether claims adjusters are compensated based upon a percentage of claims that are denied. Plaintiffs also specifically requests the same information specifically for David Ponder. Defendant responds that its counsel has told Plaintiffs' counsel that individuals are paid a salary and do not receive any special compensation for claims paid or denied. The Court agrees with Plaintiffs that this information is discoverable as it shows a possible bias on the part of adjusters. The Court orders Defendant to respond to Interrogatories Nos. 11 & 12 set forth in Plaintiffs' motion.

The Court orders Defendant to produce all documents and respond to all interrogatories as set forth above by February 22, 2006, 5:00 p.m.

The Court finds Plaintiffs' Motion to Compel should be and hereby is **granted in part and denied in part**, consistent with the terms set forth herein and above.

IT IS SO ORDERED, this 21st day of February, 2006.

                                                  /s/ Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  U.S. District Court